Sneed, J.,
delivered the opinion of the Court.
This bill was filed by David Coleman against John Norman to compel a contribution as an alleged có-security with complainant for Robt. L. Coleman, the complainant having paid the whole debt. The joint suretyship is denied by the defendant, who insists that he became surety on the note in question not for Robt. L. Coleman alone, but for the complainant and the said Robt. L. Coleman together; that they were both principals in the note, and defendant the surety for both. The case turns upon this question of faet. *591 .The -Chancellor was of opinion that the defendant was the security of both, and the bill was dismissed. The complainant appealed.
While the jurisdiction of a court of equity in like cases is unquestioned, resting as it does, not upon any notion of mutual contract' of indemnity, express or implied, but upon principles of equity and morality, or as otherwise expressed, upon the principle of equality applicable to a common risk, yet the complainant must make out his case as one falling clearly within the principle, or he will be defeated. In this case both the complainant and Robt. L. Coleman had signed the note joint and several in its terms before it was presented to the defendant, who signed it as surety. Upon the face of the note it does not appear for whom the defendant became security. In the case of Thompson v. Sanders, 4 Dev. and Bat., 404, it was held that “when a party signs a note as surety of another, and a third person also affixes his name as a maker, adding to his signature the words ‘surety of the above/ the first surety cannot, upon payment of the note, compel contribution against the.second surety unless it be made satisfactorily to appear that the second surety intended to place himself in the relation of a co-security with the first.” In such a case the burthen of establishing the joint suretyship is thrown upon the party asserting it and demanding the contribution, and the principle is apposite to the case in judgment. The defendant having signed as surety just underneath the names of Robt. and David Coleman, both' of whom had signed as principals, the ques *592 tion is, for whom did the defendant become security? and this question must be satisfactorily solved by the complainant himself. We are of opinion that the complainant has failed to make out his case upon the proof. While we may concede that the testimony is in equilibrio as to the understanding of the parties, yet the conduct of the complainant and Robt. Coleman as to their mutual relations in respect to the business on account of which the note was executed, the repeated disclaimer of ownership by Robt., the son, and assertion by David, the father, that Robert had no interest in the goods, are circumstances which must be thrown into the balance, and when considered cannot but be held to give great strength to the equities of the defendant. The complainant and Robt. Coleman by their conduct in regard to the goods, resorted to confessedly with the intention to defeat the creditors of the said Robt. in the collection of their debts, had given defendant reason to believe, independent of all other proof, that the note was that of both as prin--cipals, and under such circumstances, whatever be the fact, the complainant must be repelled from a court of equity.
Affirm the decree.